**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THADDEUS KASZUBA-DIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| GREEN THUMB INDUSTRIES INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Thaddeus Kaszuba-Dias, by and through his attorneys, Pedersen & Weinstein LLP, for his Complaint against Defendant, Green Thumb Industries Inc. ("Defendant"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to challenge Defendant's unlawful discrimination against him based on his race. Plaintiff asserts his claims under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, ("Title VII") and 42 U.S.C. Section 1981, as well as the Illinois Human Rights Act.

## JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and principles of pendent and supplemental jurisdiction.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Thaddeus Kaszuba-Dias, was formerly employed by Defendant as an

Assistant General Manager. Plaintiff began his employment in February 2020 and was unlawfully fired on August 2, 2023

5. Defendant, Green Thumb Industries Inc., is a national cannabis consumer packaged goods company and retailer. Defendant manufactures and distributes cannabis products and owns and operates national retail cannabis stores called RISE. Headquartered in Chicago, Illinois, Defendant has 20 manufacturing facilities and 92 retail locations and operations across 14 U.S. markets. Defendant employs approximately 4,600 people and serves millions of patients and customers each year. In 2023, Defendant had revenue of approximately $1.1 billion.

## FACTUAL ALLEGATIONS

*Plaintiff's Employment With Defendant*

6. Plaintiff began his employment with Defendant as a Patient Care Specialist at the RISE retail store in Mundelein, Illinois. Throughout his tenure, Plaintiff consistently received positive feedback on his performance and was commended for being a good communicator, reliable, and a strong leader in the store.

7. In recognition of his hard work and commitment to serving Defendant's patients and customers, Plaintiff earned two promotions. First, Plaintiff was promoted to Shift Supervisor in March 2021 and in November 2022 was promoted again to Assistant General Manager.

8. Plaintiff never engaged in any conduct that warranted his termination.

*Defendant Discriminated Against Plaintiff Based On His Race*

9. Notwithstanding his commendable job performance, Defendant discriminated against Plaintiff, who is Indian, because of his race. More specifically, Defendant fired Plaintiff on August 2, 2023, claiming he improperly received employee discounts.

10. By way of background, Defendant's employees are eligible for one $60 R & D discount/credit per week and as with all sales, must have another employee conduct the transaction.

11. Despite knowing that Plaintiff could not and did not ring his own transactions and that each of the transactions it now claims was improper was approved by another manager, Defendant recklessly accused Plaintiff of "theft" and fired him.

12. Notably, Defendant took no action against the white and/or non-Indian managers who were responsible for auditing, approving and transacting the transactions at issue.

13. Further, Defendant disregarded Plaintiff's detailed explanations about his understanding of how and why the discounts were applied, demonstrating that it had no genuine interest in knowing the truth about what happened.

14. By comparison, white managers who have received multiple credits during a single week, the same type of transactions Plaintiff had, were not disciplined at all, let alone fired like Plaintiff.

15. Defendant's decision to fire Plaintiff, an Indian employee, because he purportedly received multiple discounts in one week, while at the same time protecting and failing to discipline white and/or non-Indian managers who issued and/or received the same discounts, is blatant race discrimination.

***Defendant Failed To Exercise Reasonable Care To Prevent And Correct Unlawful Conduct***

16. Defendant's management directed, encouraged, and participated in the above-described unlawful conduct. Further, Defendant failed to exercise reasonable care to prevent and correct promptly any discrimination. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

17. The discrimination described above was consistent with Defendant's standard operating procedure.

18. Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

***Plaintiff Timely Filed A Charge Of Unlawful Discrimination***

19. Plaintiff timely filed a charge of unlawful discrimination with the EEOC. Plaintiff requested and received his Notice of Right to Sue dated April 30, 2024.

20. The EEOC cross-filed Plaintiff's charge of discrimination with the Illinois Department of Human Rights ("IDHR") pursuant to the work-sharing agreement between the EEOC and IDHR. Plaintiff subsequently requested a Notice of Opt Out of IDHR's Investigative and Administrative Process, and of Right to Commence an Action in Circuit Court. This Court has supplemental jurisdiction over Plaintiff's IHRA claims pursuant to 28 U.S.C § 1367(a).

***Plaintiff Suffered Damage***

21. As a direct and proximate result of the unlawful conduct Plaintiff experienced, he has suffered extreme emotional and mental distress.

22. Plaintiff has lost wages, compensation and benefits as a result of Defendant's unlawful conduct.

23. Plaintiff's career and reputation have been irreparably damaged as a result of Defendant's unlawful conduct.

24. Plaintiff suffered embarrassment and humiliation as a result of Defendant's unlawful conduct. Plaintiff suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct, as well as incurring attorneys' fees and costs.

*Punitive Damages*

25. Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

26. Plaintiff realleges paragraphs 1 through 25 and incorporates them by reference into Count I of this Complaint.

27. Title VII makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment, on the basis of race.

28. By the conduct as alleged herein, Defendant subjected Plaintiff to race discrimination in violation of Title VII.

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF SECTION 1981

29. Plaintiff realleges paragraphs 1 through 28 and incorporates them by reference into Count II of this Complaint.

30. 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, ("Section 1981"), prohibits discrimination based on race in the performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. Section 1981 also prohibits racial harassment.

31. By the conduct as alleged herein, Defendant subjected Plaintiff to race discrimination in violation of Section 1981.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF THE IHRA

32. Plaintiff realleges paragraphs 1 through 31 and incorporates them by reference into Count III of this Complaint.

33. The Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102(A), makes it unlawful to discriminate against any individual in the terms, privileges or conditions of employment on the basis of race.

34. By the conduct as alleged herein, Defendant subjected Plaintiff to race discrimination in violation of the IHRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court find in his favor and against the Defendant as follows:

    a. Declare that the acts and conduct of Defendant violate Title VII, Section 1981, and the Illinois Human Rights Act;

    b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

    c. Award Plaintiff the value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

    d. In the alternative to paragraph (c), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

    e. Award Plaintiff compensatory damages;

    f. Award Plaintiff punitive damages;

    g. Award Plaintiff prejudgment interest;

  h.  Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

  i.  Award Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: May 30, 2024    Respectfully submitted,

            By: */s/Jill Weinstein*

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
231 S. LaSalle Street, Suite 2100
Chicago, Illinois 60604
(312) 322-0710
(312) 322-0717 (facsimile)